# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**DISTRICT OF COLUMBIA, A MUNICIPAL CORPORATION,**

        **Plaintiff,**

        v.

**BERTILA RAMIREZ, et al.,**

        **Defendants.**

**Civil Action No. 04-0775 (JDB)**

## MEMORANDUM OPINION

Plaintiff, the District of Columbia, brings this suit against C.G-R., a minor, and his parents (collectively, "defendants") under the Individuals with Disabilities Education Act ("IDEA" or "the Act"), 20 U.S.C. §§ 1400 et seq. (2005). Plaintiff challenges the determination of a D.C. Public Schools ("DCPS") hearing officer that the IDEA requires plaintiff to provide C.G-R., who is confined to a wheelchair, with transportation between the door of his family's apartment and his school bus.[1] Compl. ¶¶ 25-27. Defendants argue that plaintiff has shown no

---

[1] The Administrative Record is inconsistent on the exact location of defendants' apartment. Plaintiff avers that the apartment is "not on the first floor of the apartment building" and speaks of the need to negotiate a "series of steps, within and in front of [C.G-R.'s] apartment dwelling." Pl. Mot. at 4 n.1. However, the Hearing Officer's Determination, and defendants' Brief submitted for the DCPS hearing, both refer to "approximately 12 steps," with indications that at least 11 of these are part of a stepped walkway outside of the apartment building's main entrance. Admin. R. at 3 n.2, 48. This lack of clarity is immaterial in the present case, since the Court finds that plaintiff is responsible for transporting C.G-R. from the door of his apartment to school, regardless of the number or location of any steps that must be negotiated in the process.

basis on which the Court may disturb the hearing officer's determination ("HOD"), and that, in any case, the IDEA and plaintiff's own municipal code and regulations require plaintiff to provide C.G-R. with transportation from his apartment door to the DCPS bus.

Now pending before the Court is plaintiff's motion for summary judgment, seeking what is effectively a judgment on the Administrative Record (the "Record"). Plaintiffs ask the Court to reverse the portions of the HOD which require it to provide a transportation aide to assist C.G-R. Defendants oppose this motion and request that the HOD be affirmed. For the reasons explained below, plaintiff's motion is denied, the decision of the hearing officer is affirmed, and judgment is therefore granted in defendants' favor.

## BACKGROUND

**I.      Statutory Background**

As a state education agency, DCPS is required to provide special education students like C.G-R. with "a free appropriate public education that emphasizes special education and related services designed to meet their unique needs . . . to all children with disabilities residing in the State." 20 U.S.C. § 1400(d)(1)(A); 34 C.F.R. § 300.1(a); accord D.C. Mun. Regs. tit. 5, § 3000.1 (2005). The Act and its attendant regulations also explicitly guarantee provision of "related services," defined as "transportation . . . and other supportive services as are required to assist a child with a disability to benefit from special education," including "travel to and from school . . . ." 34 C.F.R. § 300.24(a), (b)(15)(I); D.C. Mun. Regs. tit. 5, § 3001.1; see 20 U.S.C. §§ 1400(d)(1)(A), 1401(22).

Pursuant to the provision of a free and appropriate public education ("FAPE") and related services, Federal and D.C. Municipal Regulations require that an individualized education

program ("IEP"), including a "statement of the special education and related services . . . that will be provided for the child . . . to be educated . . . ," be developed for each student. 34 C.F.R. §§ 300.341(a)(1), 300.347(a)(3) (2005); D.C. Mun. Regs. tit. 5, §§ 3001, 3002.3(c). The Supreme Court has further defined the role of IEPs, requiring that they be "reasonably calculated to enable the child to receive education benefits." Bd. of Educ. v. Rowley, 458 U.S. 176, 206-07 (1982).

The Superintendent of DCPS issued Directive 530.0 in 2000, specifying that special education transportation services be provided according to the requirements of the IDEA and regulations issued thereunder. Admin. R. at 25. With respect to the pick-up and drop-off of students, the Directive orders that: "As determined through the IEP process, students with disabilities shall be picked up and dropped off either at the door of their residence, or at the curbside of their residence." Id. at 24. Additionally, DCPS's Transportation Guide for parents of special education students states that "[i]f your child is not waiting outside when the bus arrives, the attendant will . . . go to the door of your house *or apartment*, and assist your child as he/she boards the bus." Id. at 40 (emphasis added).

## II.     Factual Background

C.G-R.'s IEP was last revised on October 30, 2003, and it provided for his receipt of various related services, including transportation. See Admin. R. at 70. However, plaintiff and defendants disagreed (as they continue to) over whether C.G-R.'s IEP required plaintiff to provide a transportation aide to convey C.G-R. to and from defendants' apartment and the school bus. Accordingly, defendants requested an administrative due process hearing, as guaranteed them under the IDEA, seeking to compel DCPS to provide an aide to assist C.G-R.

Following a hearing, the DCPS hearing officer issued a determination on February 6, 2004, requiring plaintiff to provide a transportation aide for C.G-R. to facilitate his access to an FAPE. The hearing officer found that plaintiff's municipal regulations and DCPS's Transportation Guide both allowed for provision of an aide to assist students similar to C.G-R. Id. at 40-41. The HOD stated that because C.G-R.'s parents could not get him outside to the bus, and because DCPS refused to provide an aide to do so, C.G-R. was being denied an FAPE. Id. Because of C.G-R.'s inability to access an FAPE absent a transportation aide, the hearing officer found it "not unreasonable" for DCPS to provide such an aide. Id. Accordingly, DCPS was ordered to modify C.G-R.'s IEP to provide for a dedicated aide to transport him to and from the school bus. Admin. R. at 41. The IEP was never so modified, and an aide was never provided. Id. at 3. Following issuance of the HOD, plaintiff filed a Motion to Reconsider and Rescind the order. Id. at 16-17. The hearing officer once again decided in C.G-R.'s favor, ordering DCPS to adhere to the terms of the earlier HOD, or refer C.G-R. to a private institution that could. Id. at 5-6.

Plaintiff filed the current action for judicial review of the HOD on May 13, 2004. On November 22, 2004, plaintiff filed the Motion for Summary Judgment currently before the Court, which seeks a ruling on the evidence in the Record, in accordance with 20 U.S.C. § 1415(i)(2)(B); see Heather S. v. Wisconsin, 125 F.3d 1045, 1052 (7th Cir. 1997). Defendants filed an Opposition to plaintiffs' motion on December 22, 2004, and plaintiff filed a reply on January 14, 2005.

## **STANDARD OF REVIEW**

**I.      Summary Judgment**

Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The moving party may successfully support its motion by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. (quoting Fed.R.Civ.P. 56(c)).

In determining whether there exists a genuine issue of material fact sufficient to preclude summary judgment, the court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position.  Id. at 252.  By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment.  Celotex, 477 U.S. at 322.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations omitted).  Summary judgment is appropriate if the non-movant fails to offer "evidence on which the jury could reasonably find for the [non-movant]."  Id. at 252; see also Holbrook v. Reno, 196 F.3d 255, 259-60 (D.C. Cir. 1999).

**II.      Judicial Review of IDEA Due Process Hearing Determinations**

The IDEA permits "any party aggrieved by the findings and decision" rendered during administrative proceedings to "bring a civil action" in state or federal court without regard to the amount in controversy.  20 U.S.C. § 1415(I)(2); 34 C.F.R. § 300.512(b)(3).  The reviewing court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(B)(iii); 34 C.F.R. § 300.512(b)(3).   In a review of an HOD, the burden of proof is always on the party challenging the administrative determination, who must "at least take on the burden of persuading the court that the hearing officer was wrong [by a preponderance of the evidence]." Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir.1988).

The Supreme Court has interpreted the "preponderance" standard of review not to be an allowance of unfettered de novo review.  Rowley, 458 U.S. at 206.  Rather, consideration of the record impliedly requires courts to give "due weight" to the administrative proceedings, id., and "[f]actual findings from the administrative proceeding are to be considered prima facie correct," S.H. v. School Dist. of Newark, 336 F.3d 260, 270 (3rd Cir. 2003). Therefore, courts may not substitute their own views for those of the hearing officer, see Rowley, 458 U.S. at 206; Shaw v. District of Columbia, 238 F. Supp. 2d 127, 135 (D.D.C. 2002), and a court upsetting a hearing officer's decision "must at least explain its basis for doing so," Kerkam, 862 F.2d at 887.  When no additional evidence is introduced in a civil suit seeking review of an HOD, a motion for summary judgment operates as a motion for judgment based on the evidence comprising the record.  20 U.S.C. § 1415(i)(2)(B); Heather S., 125 F.3d at 1052.

## ANALYSIS

Plaintiff challenges the HOD on two grounds.  First, plaintiff contends that because the Federal and Municipal statutes and regulations are vague as to the extent of the transportation it must provide, DCPS has autonomy to decide how to fulfill its duties under the IDEA, and should not be second-guessed in its interpretation.  See Pl. Mot. at 11.  Second, plaintiff cites two cases from another jurisdiction where state education agency ("SEA") decisions were not accorded absolute deference, but where "door-to-door" transportation was nonetheless not required under the IDEA.  See id. at 9-10 (citing Fick v. Sioux Falls Sch. Dist., 337 F.3d 968 (8th Cir. 2003); Timothy H. v. Cedar Rapids Cmty. Sch. Dist., 178 F.3d 968 (8th Cir. 1999)).  The courts in both decisions held that the denial of requested transportation services did not violate the IDEA because the denial was based on a "facially neutral" policy, and the enhanced service requested was based on parents' preferences and convenience, and not students' educational needs.  Id.

### A.    Deference To DCPS Determination

As to the claimed deference defense, plaintiff is correct that it may provide the services required of it under the IDEA "in the manner . . . it considers appropriate . . . ."  34 C.F.R § 300.361.  However, "the manner in which the education and services are provided must be consistent with the requirements of [Part 300 of the C.F.R.]."  Id.  Part 300 of the C.F.R. contains all regulations promulgated under the IDEA.  See 34 C.F.R § 300 et seq.  So, while plaintiff is free to fulfill its responsibilities under the IDEA in a manner of its own choosing, it cannot choose a manner that fails to satisfy the various requirements of the Act and regulations issued pursuant thereto.  Here, the hearing officer rejected plaintiff's interpretation of federal and municipal regulations and policies issued under the IDEA, and found that DCPS was denying

C.G-R. an FAPE by failing to provide him a transportation aide.  See Admin. R. at 39-41.

In support of its legal conclusion, the HOD found that for the past two years, C.G-R. has been unable to attend school and receive any of the educational or related services dictated by his IEP, except for minimal home instruction.  Id. at 3.  By denying C.G-R. a transportation aide, then, plaintiff falls short of the IDEA's requirement that it provide C.G-R. a free appropriate public education, as guaranteed by 20 U.S.C. § 1400(d)(1)(A).  This requirement is not met if the related services provided to C.G-R. do not allow him to benefit from that education, as guaranteed by 20 U.S.C. §§ 1400(d)(1)(A), 1401(22).  Rowley established a similar requirement for IEPs, holding that a court must inquire if an IEP is "reasonably calculated to enable the child to receive educational benefits."  458 U.S. at 206-07.  It is clear that without an aide to assist him onto the school bus, there can be no reasonable expectation that C.G-R. will reap any benefit from the services prescribed in his IEP, since he cannot be in school to receive them.  Id.; Admin. R. at 2-3, 41. If, as plaintiff claims, C.G-R.'s IEP does not require provision of a transportation aide, then the IEP fails to meet the conditions set by Rowley.  See 458 U.S. at 206-07.  And if plaintiff and DCPS's regulations and policies do not permit provision of an aide to transport C.G-R. between his residence and the school bus, they violate the IDEA.  See 20 U.S.C. 1400(d)(1)(A); 34 C.F.R § 300.361.[2]

---

[2] Plaintiff argues that the hearing officer relied on a Rhode Island case, Hurry v. Jones, 560 F. Supp. 500 (D.R.I. 1983), and that such reliance was misplaced because door-to-door transportation was required explicitly by Rhode Island law, which is not the case in the District of Columbia. Pl. Mot. at 10.  However, Hurry was not "relied on" significantly in the HOD, and it does not stand for the principle advanced by plaintiff.  The court in Hurry did not base its decision solely on state law, instead finding that "[related transportation] services were the responsibility of the school department under *both state and federal law*." 560 F. Supp. at 506 (emphasis added).

Thus, the interpretation of the IDEA and C.G-R.'s IEP urged by plaintiff is inconsistent with the requirements of the Act and with Rowley. The HOD adopted this reasoning in declining to accord absolute deference to plaintiff's interpretation of the IDEA. This Court finds that plaintiff has not shown by a preponderance of the evidence that the hearing officer was wrong to refuse deference to plaintiff's interpretation of the IDEA and to order plaintiff to provide a transportation aide for C.G-R.

Moreover, this is not a case where the HOD has completely disregarded interpretations of the relevant law embodied in municipal regulations and school board policies. Those regulations, and policies issued thereunder, do not explicitly preclude defendants' position, and thus are not inconsistent with the HOD. In fact, the relevant statutory provisions and interpretations are consistent with DCPS's obligation under the IDEA to provide C.G-R. with the services requested. The Superintendent of DCPS issued Directive 530.0 in 2000, specifying that special education transportation services are to be provided according to the requirements of the IDEA and regulations issued thereunder. See Admin. R. at 25. For the pick-up and drop-off of students, the Directive orders that "[a]s determined through the IEP process, students with disabilities shall be picked up and dropped off either at the door of their residence, or at the curbside of their residence." Id. at 24. Additionally, DCPS's Transportation Guide for parents of special education students states that "if your child is not waiting outside when the bus arrives, the attendant will . . . go to the door of your house *or apartment*, and assist your child as he/she boards the bus." Id. at 40 (emphasis added).

Taken together, these authorities require plaintiff to transport disabled students to school from either the doors or curbsides of their residences, as determined through the IEP process to

be reasonably calculated to enable the student to receive education benefits.  See Rowley, 458 U.S. at 206-207; see also 34 C.F.R. § 300.24(a), (b)(15)(I); D.C. Mun. Regs. tit. 5, § 3001.1.  In accordance with the Transportation Guide's instruction that aides will leave the bus to assist students from the doors of their apartments (not their apartment *buildings*), it seems that where an IEP deems it necessary, plaintiff is not foreclosed from providing the services requested by defendants in this case.  Admin. R. at 40.  This Court is no position to say the HOD was wrong in not according plaintiff absolute deference, and instead interpreting plaintiff's obligations to include provision of the requested transportation aide.

### B.     "Facially Neutral Policy" Argument

Plaintiff alternatively contends that if its regulations and policies are not afforded absolute deference, they must be upheld if found to be facially neutral.  See Pl. Mot. at 9.  In IDEA cases, this means that the policy must be "appli[cable] to all students regardless of disability."  Timothy H., 178 F.3d at 972.  In support of this position, plaintiff cites two Eighth Circuit decisions holding that SEAs are not required to alter neutrally-applicable policies to accommodate the non-educational preferences of parents.  Id. (citing Fick, 337 F.3d 968; Timothy H., 178 F.3d 968).

However, this case's factual setting is wholly distinguishable from Fick and Timothy H.  Those cases involved children who were regularly attending school, and whose IEPs were being implemented effectively.  Fick, 337 F.3d at 969; Timothy H., 178 F.3d at 970.  Refusal to provide transportation of the type requested by the parents did not deny either child an FAPE.  Timothy H. held that because the student's "neighborhood high school has a special education program that meets her needs," providing transportation to a more distant school "for reasons of

parental preference [ ] is an undue burden on the school district."  178 F.3d at 973.  In Fick, a similar school board decision was upheld because the request for deviation from the facially neutral policy was not "based on the child's educational needs, but on the parents' convenience or preference."  337 F.3d at 970.

Here, C.G-R.'s educational needs are not being met by the services plaintiff provides. Admin. R. at 3.  The hearing officer found that C.G-R. had not attended school since 2003, and that his non-attendance was due to his inability to travel from the door of his family's apartment to the school bus.  Id.  The hearing officer also concluded that it was not unreasonable for plaintiff and DCPS to bear responsibility for transporting C.G-R. from his apartment to the bus. Id. at 41.  Plaintiff has identified no evidence to refute the conclusion that granting defendants' request for a dedicated transportation aide to assist C.G-R. is essential to allowing him to receive an FAPE.  Even if facially neutral policies are exempt from review when deviations from them are requested for convenience alone, the present case is not one where this exception applies.  Cf. Fick, 337 F.3d at 970 (no deviation from facially neutral policy for "parents' convenience or preference") .

Defendants are requesting a transportation aide for C.G-R. not because of convenience or preference, but because the absence of such an aide has left C.G-R. unable to receive the education and related services guaranteed by the IDEA and prescribed in his IEP.  See Admin R. at 3.  Because C.G-R. needs a transportation aide to meet his education needs, rather than simply to provide convenience for his parents, Fick and Timothy H. are inapplicable.  Id.  Although plaintiff's transportation policy may be facially neutral, it is not exempt from review as it applies to defendants in this case.  The Court concludes that Fick and Timothy H. do not provide

sufficient justification for overturning or departing from the HOD.

## **CONCLUSION**

Upon consideration of the administrative record and the findings of the hearing officer, which are accorded due weight, the Court concludes that the determinations of the hearing officer should be upheld. Plaintiff has not met its burden of persuading the Court that the HOD was wrong. Accordingly, plaintiff's motion for summary judgment is denied, and defendants' request for affirmance of the HOD is granted. A separate order has been issued on this date.

>   /s/ John D. Bates
> JOHN D. BATES
> United States District Judge

Signed this 1st day of July, 2005.

Copies to:

Veronica A. Porter
OFFICE OF ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA
441 4th Street, NW
SIXTH FLOOR SOUTH
Washington, DC 20001
(202) 724-6651
Fax: (202) 727-3625
Email: veronica2.porter@dc.gov
   *Counsel for Plaintiff*

Tilman L. Gerald
JAMES E. BROWN & ASSOCIATES, PLLC
1220 L Street, NW
Suite 700
Washington, DC 20005
(202)742-2000
Fax: (202) 742-2098

Email: jbrown5268@aol.com
*Counsel for Defendants*